IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JIMMY PARKER                                                                                              PLAINTIFF

v.                                                                            CIVIL ACTION NO. 1:10-CV-00172-GHD-DAS

COOPER TIRE AND RUBBER COMPANY                                            DEFENDANT

MEMORANDUM OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently before the Court are Defendant's motion for summary judgment [83] and Defendant's motion to strike Plaintiff's demand for trial by jury [99]. Upon due consideration, the Court finds that the motion for summary judgment should be granted and the claims dismissed.

*A.    Factual and Procedural Background*

On May 12, 2010, Plaintiff Jimmy Parker ("Plaintiff") sued his former employer Cooper Tire and Rubber Company ("Cooper Tire") claiming he was wrongfully terminated in violation of state and federal law.

Cooper Tire is the fourth largest tire manufacturer in North America and a leading manufacturer of replacement tires. The Cooper Tire Tupelo plant is one of the largest employers in north Mississippi. Plaintiff was employed at the Cooper Tire Tupelo plant for approximately ten years. In November of 2007, Plaintiff was hospitalized with flu-like symptoms and confusion. As a result, Plaintiff missed several days of work. Plaintiff maintains that to the extent he was able, he notified Cooper Tire of his inability to work, and he was again hospitalized in December of 2007. Plaintiff was diagnosed with cirrhosis, a debilitating liver disease, and suffered liver failure as a result. Plaintiff alleges that when it became apparent that he would not "be able to return to work until very expensive medical treatment had been

1

administered to him, if ever," Cooper Tire wrongfully terminated him to avoid paying costs associated with Plaintiff's severe medical condition: specifically, the cost of a liver transplant and other necessary medical treatment, and the cost of paying another employee to do Plaintiff's job. Plaintiff alleges that this wrongful termination resulted in Plaintiff's loss of all medical and disability benefits through Cooper Tire-sponsored coverage and that Plaintiff sustained damages in "losing opportunity for medical treatment, having to incur bills for medical treatment which should have been covered and for loss of disability benefits since his termination, continuing until trial of this matter and beyond." Pl.'s Am. Compl. [63] ¶ 7. Cooper Tire contends it terminated Plaintiff solely because Plaintiff failed to follow the proper procedures in notifying Cooper Tire of his inability to work.

Throughout the course of this case, Plaintiff has gradually whittled down and otherwise amended his claims against Cooper Tire. Plaintiff initially alleged violations of the Family Medical Leave Act (the "FMLA") and the Americans with Disabilities Act (the "ADA"), as well as state law claims for outrage and intentional or negligent infliction of emotional distress. After Cooper Tire filed a motion for judgment on the pleadings [19], Plaintiff conceded his ADA claims and state law claims should be dismissed. The Court dismissed those claims and sustained the FMLA claims. Plaintiff then retained new counsel. The Court granted him leave to file an amended complaint. In Plaintiff's amended complaint, he alleges his discharge was in willful violation of the FMLA, and that Cooper Tire discharged him to prevent him from drawing disability benefits and medical benefits in violation of the Anti-Retaliation Statute, Employee Retirement Income Security Act ("ERISA").

In his amended complaint, Plaintiff seeks "actual and liquidated damages under the [FMLA], compensatory damages for physical and mental pain and suffering, as well as medical

2

expenses, and punitive damages in an amount to be determined by a jury" and "further requests reasonable attorneys' fees, costs[,] and expenses." Pl.'s Am. Compl. [63] at 3.

On February 17, 2012, Cooper Tire filed a motion for summary judgment [83] on all Plaintiff's claims. With respect to the FMLA claims, Cooper Tire argued that "[b]ecause Plaintiff admits he could not have returned to work at the end of any FMLA leave he believes he should have received, he cannot maintain a claim under the FMLA." Def.'s Mem. Br. Supp. MSJ [84] at 2. In his response to the motion, Plaintiff concedes that his FMLA claim should be dismissed. *See* Pl.'s Mem. Br. Supp. Resp. Opp'n to Def.'s MSJ [96] at 7. In reply, Cooper Tire maintains that in light of Plaintiff's abandonment of his FMLA claim, Plaintiff's ERISA claim is the only remaining claim to adjudicate, and that an ERISA claim contemplates only equitable relief, not monetary damages to be assessed by a jury.

On April 25, 2012, Cooper Tire filed a motion to strike wherein Cooper Tire reiterates its earlier arguments that ERISA Section 510 claims allow for only equitable relief, and thus that Plaintiff has no right to trial by jury on his claims.

On May 15, 2012, Plaintiff filed a motion for leave of court to file a supplemental brief with respect to the issue of whether Plaintiff was discharged to preclude him from drawing ERISA-protected medical benefits. The Court granted this motion. Plaintiff argued that a fact-finder could draw the reasonable inference that in light of the close timeframe between Plaintiff's protected activity and the adverse action, Cooper Tire fired Plaintiff to avoid paying his medical bills.

### B. *Summary Judgment Standard*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact

3

and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S. Ct. 2548. Under Rule 56(a) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S. Ct. 2548; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to preclude summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1985).

### C. Discussion and Analysis

The Court will cabin its analysis to Plaintiff's ERISA claim, as that is the sole remaining claim to adjudicate. The Court is called upon to answer the following questions: (1) Does Plaintiff's Section 510 ERISA claim survive summary judgment? (2) If so, is recovery on a

4

Section 510 ERISA claim limited to equitable relief? The Court finds that Plaintiff's ERISA claim does not survive summary judgment, and thus need not reach the second issue.

### 1. *Section 510 ERISA Claim*

Plaintiff alleges Cooper Tire discharged him to prevent him from drawing disability benefits and medical benefits in violation of ERISA. He claims that a genuine dispute of material fact exists as to whether he was discharged for failing to comply with Cooper Tire policy on reporting work absences, or whether Cooper Tire discharged him in an effort to avoid paying disability benefits for his serious, ongoing medical illness. This claim is within the ambit of Section 510 of ERISA. *See, e.g., Bullock v. Equitable Life Assur. Soc. of U.S.*, 259 F.3d 395, 400 (5th Cir. 2001) (plaintiff's claim that defendant "terminated his employment contract to prevent him from becoming eligible for pension benefits at age 65 . . . [fell] squarely within the scope of [S]ection 510").

Section 510 of ERISA makes it unlawful to "discharge . . . a participant or beneficiary [of an employee benefit plan] . . . for the purpose of interfering with the attainment of any right to which such participant <u>may become entitled</u> under the plan." 29 U.S.C. § 1140 (emphasis added). The Fifth Circuit has explained: "Section 1140 is concerned with acts taken against employees to prevent rights from ripening." *Perdue v. Burger King Corp.*, 7 F.3d 1251, 1255 (5th Cir. 1993).

To bring a claim under Section 510, a plaintiff must first establish a prima facie case. *Stafford v. True Temper Sports*, 123 F.3d 291, 295 (5th Cir. 1997). If the plaintiff meets this burden, the burden then shifts to his employer to present a legitimate, nondiscriminatory reason for the alleged discriminatory conduct. *Id.* At that point, the burden shifts back to the plaintiff to

show that the employer's articulated reason for his termination is a mere pretext for discrimination. *Id.*

"To establish a prima facie case under [Section] 510, a plaintiff must prove, *inter alia*,[1] that his employer terminated him with the specific intent to discriminate against him for exercising, or to interfere with, any ERISA right to which he is entitled or may become entitled." *Hinojosa v. Jostens, Inc.*, 128 F. App'x 364, 2005 WL 834847, at *3 (5th Cir. Apr. 12, 2005) (citing *Holtzclaw v. DSC Cmcns. Corp.*, 255 F.3d 254, 261 (5th Cir. 2001)). The employee need not "show that the employer's sole motivation was to interfere with ERISA rights, but rather that a specific intent partly motivated the employer." *Oatman v. Fuji Photo Film USA, Inc.*, 54 F. App'x 413, at *3 (5th Cir. 2002); *see Nero v. Indus. Molding Corp.*, 167 F.3d 921, 927 (5th Cir. 1999). The plaintiff "must show that the loss of benefits was more than an incidental loss from his discharge." *Holtzclaw*, 255 F.3d at 260 (citing *Stafford v. True Temper Sports*, 123 F.3d 291, 295 (5th Cir. 1997) (per curiam)). "This inference of discrimination can be proven by circumstantial evidence." *Id.* (citing *Stafford*, 123 F.3d at 295). "The right referred to in the second clause of [S]ection 510 is not simply any right to which an employee may conceivably become entitled, but rather any right to which an employee may become entitled pursuant to an existing, enforceable obligation assumed by the employer." *McGann v. H & H Music Co.*, 946 F.2d 401, 405 (5th Cir. 1991), *cert. denied*, 506 U.S. 981, 113 S. Ct. 482, 121 L. Ed. 2d 387 (1992). Merely alleging an employer had something to gain by terminating the employee does not satisfy the "specific intent to discriminate" standard and will not sustain the claim past

---

[1] To establish a prima facie case under ERISA, a plaintiff additionally must show that he was qualified for the position sought. At the time of his termination, Plaintiff was employed as a trucker, driving a forklift and other heavy machinery on the warehouse floor. He was an integral part of an assigned team, and his attendance was necessary for smooth operations at Cooper Tire. "[R]egular attendance is an essential function of most jobs." *Hypes on Behalf of Hypes v. First Commerce Corp.*, 134 F.3d 721, 727 (5th Cir. 1998). It is undisputed that Plaintiff missed several days of work due to his illness. The evidence before the Court does not establish that Plaintiff was physically qualified to perform his job.

summary judgment. *See Clark v. Resistoflex Co.*, 854 F.2d 762, 770 (5th Cir. 1988) ("[W]here the only evidence that an employer specifically intended to violate ERISA is the employee's lost opportunity to accrue additional benefits, the employee has not put forth evidence sufficient to separate that intent from the myriad of other possible reasons for which an employer might have discharged him.").

In the case *sub judice*, Plaintiff fails to show that Cooper Tire terminated him with the specific intent to interfere with his ability to obtain ERISA benefits to which he would become entitled. First, Plaintiff fails to show that he would have been entitled to ERISA benefits. The two types of benefits at issue in this case are long-term disability benefits and short-term disability benefits.

It is undisputed that Cooper Tire's long-term disability plan is an ERISA plan. In Plaintiff's last year of employment at Cooper Tire, Plaintiff opted to enroll in Cooper Tire's long-term disability plan through The Hartford. The long-term disability plan provides long-term income protection for full-time active employees of Cooper Tire who become disabled from a covered injury, sickness, or pregnancy—provided the covered employee gives The Hartford written notice of a claim within thirty days after a disability or loss occurs. Long-Term Disability Benefit Policy [83-18] at 7, 27. Cooper Tire's long-term disability plan provides that a covered employee may apply for long-term disability benefits if his disability arises during his eligibility period. Because the employee's eligibility period ends upon the employee's termination, he must apply for long-term disability benefits prior to his termination. *See id.* at 11. The long-term disability policy defines a "disability" as occurring when the employee is

> prevented from performing one or more of the Essential Duties of:
> 1) [his] Occupation during the Elimination Period[2];

---

[2] The long-term disability policy defines "Elimination Period" as "the longer of the number of consecutive days at the beginning of any one period of Disability which must elapse before benefits are payable or the expiration

    2)    [his] Occupation, for the 24 month(s) following the Elimination Period, and as a result [his] Current Monthly Earnings are less than 80% of [his] Indexed Pre-disability Earnings; and
    3)    after that, Any Occupation.
. . .
[His] Disability must result from:
1)    accidental bodily injury;
2)    sickness;
3)    Mental Illness;
4)    Substance Abuse; or
5)    pregnancy.

Plaintiff could have applied for long-term disability benefits if his disability arose during his eligibility period—that is, prior to his date of termination, December 21, 2007. The parties dispute the date Plaintiff's disability originated. When the Plaintiff applied for Social Security benefits following his termination, the Social Security Administration determined his date of disability to be November 20, 2007, roughly a month prior to his date of termination. Cooper Tire contends this is the first occurrence of disability. However, Plaintiff argues his first occurrence of disability occurred subsequent to that date. Plaintiff's treating physician's letter dated December 20, 2007 stated that Plaintiff was "at least temporarily, totally disabled from doing any meaningful manual work." Dr. Schroader Letter [95-10]. The letter does not refer to the date on which the disability originated. Despite the lack of clarity on this point, Plaintiff never applied for benefits under the long-term disability policy. Plaintiff also has not shown that Cooper Tire took any action to prevent him from applying for benefits under the long-term disability policy. It is obvious under these facts that Plaintiff cannot show he was entitled to receive, or would have been entitled to receive, benefits under the long-term disability plan, because he had not applied for benefits under the policy. Consequently, Plaintiff cannot show that Cooper Tire's specific intent in terminating him could have been to retaliate against him for

---

of any Employer[-]sponsored short[-]term Disability benefits or salary continuation program, excluding benefits required by state law." Long-Term Disability Policy [83-18] at 20.

exercising a right under the plan or to interfere with his rights under the plan. Thus, Plaintiff fails to establish a prima facie case regarding long-term disability benefits under ERISA. The Court now turns to whether Plaintiff can establish a prima facie case under ERISA concerning short-term disability benefits.

The parties dispute whether Cooper Tire's short-term disability plan is an ERISA plan. Cooper Tire maintains that its short-term disability plan is not an ERISA plan but "simply a payroll continuation . . . not funded by a separate trust, but [instead] paid out of [Cooper Tire's] general assets as part of its payroll practices" and exempt from ERISA. Cooper Tire's Mem. Law Supp. MSJ [84] at 11; Knack Aff. [83-20]. Plaintiff argues in response that Cooper Tire's long-term disability plan and short-term disability plan are more intertwined than Cooper Tire represents. Plaintiff maintains that according to the employee handbook, the long-term disability plan kicked in only after the short-term disability plan was exhausted. Plaintiff asks the Court to treat Cooper Tire's entire disability plan as covered by ERISA. Plaintiff also maintains that when an employer decides to terminate an employee so that it would not have to pay short-term disability benefits, it would necessarily deprive that employee of long-term disability benefits.

To determine whether an employee benefit program is an ERISA plan, the Court employs the three-prong test announced in *Shearer v. Southwest Service Life Insurance Co.*, 516 F.3d 276, 279 (5th Cir. 2008). *Graham v. Metro. Life Ins. Co.*, 349 F. App'x 957, 959 (5th Cir. 2009). "To be an ERISA plan, an arrangement must be (1) a plan, (2) not excluded from ERISA coverage by the safe-harbor provisions established by the Department of Labor, and (3) established or maintained by the employer with the intent to benefit employees." *Shearer*, 516 F.3d at 279 (citation omitted). It is undisputed that Cooper Tire's short-term disability plan is a plan. However, a "plan" is not automatically deemed "an ERISA plan." *See MDPhysicians &*

*Assocs., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 183 (5th Cir. 1992). The Fifth Circuit has "consistently held that if an employer does no more than purchase insurance for its employees and has no further involvement with the collection of premiums, administration of the policy, or submission of claims, the employer has not established an ERISA plan." *Shearer*, 516 F.3d at 279; *Hansen v. Cont'l Ins. Co.*, 940 F.2d 971, 978 (5th Cir. 1991). Cooper Tire contends that the Department of Labor created the payroll practice exemption to ERISA because if a plan is funded solely by the employee's general assets, there are no accumulated benefit funds for ERISA to safeguard. The Court agrees. *See, e.g., Tatum v. Special Ins. Servs.*, 82 F. App'x 877, 878 (5th Cir. 2003); *Hansen*, 940 F.2d at 975–78 (5th Cir. 1991). In sum, the Court finds that Cooper Tire's short-term disability plan is not an ERISA plan, and thus that Plaintiff may not maintain an ERISA claim concerning the short-term disability plan.

Plaintiff argues for the first time in his response to the motion for summary judgment that summary judgment should be denied because Plaintiff has an alternative breach of contract claim with respect to the short-term disability plan based on the short-term disability pay section of the employee handbook. The Court finds that Plaintiff is attempting to add a new theory of recovery, and at this late stage of the proceeding, Plaintiff's argument on this point is unavailing. The amended complaint never mentions a claim for breach of contract. Plaintiff's sole claim before this Court is an ERISA claim under Section 510. Because this Court has determined the short-term disability plan at issue is not an ERISA plan, it need not discuss whether ERISA preempts state law claims for breach of contract. The Court finds the Plaintiff may not assert a breach of contract claim in this action.

Although the Court finds Plaintiff has failed to establish a prima facie case under ERISA, assuming *arguendo* Plaintiff has established a prima facie case, Cooper Tire has articulated a

10

legitimate, nondiscriminatory reason for Plaintiff's termination. Cooper Tire's employee handbook provides that if an employee has three "no reports" in one year, the employee has voluntarily resigned from his or her position and is terminated. Cooper Tire contends that in conflict with its employee policies, Plaintiff failed to report four times in a two-week period, and that Cooper Tire gave the Plaintiff multiple opportunities to provide a medical excuse. When Plaintiff allegedly failed to do so, Cooper Tire maintains it terminated his employment on December 21, 2007. Cooper Tire contends that Plaintiff was terminated solely for failing to follow Cooper Tire procedures.

Assuming, *arguendo*, Plaintiff established a prima facie case, and Cooper Tire articulated a legitimate, nondiscriminatory reason for Plaintiff's termination, the Court next would examine whether Plaintiff could prove Cooper Tire's articulated reason for the termination was mere pretext. Plaintiff has presented some evidence of pretext in Cooper Tire's decision to terminate him. Plaintiff argues that Cooper Tire decided to fire him only after viewing the letter from Plaintiff's physician concerning his medical status. Plaintiff testified in his deposition: "[I]f they were wanting to fire me for not reporting, they should have done it that Monday when I [came] to work, instead of waiting until that Friday to fire me, after they [had] seen the letter stating that I had a liver disease." Pl.'s Dep. [83-15] at 17. Plaintiff presents further evidence of pretext, including a Cooper Tire interoffice e-mail from human resources administrator at Cooper Tire, explaining Plaintiff's termination was due to his alcoholism and liver damage and referring to a "[l]ong story as to why he was terminated." Pl.'s Mem. Br. Supp. Resp. Opp'n to Def.'s MSJ [96] at 10. Plaintiff also cites the telephone records of his wife and his mother which establish that his wife called in for him for the dates of November 28 and 29, 2007, and his mother called in for him on December 30, 2007. The Court further notes that if Plaintiff's absenteeism

11

was due to his serious illness, and Cooper Tire knew of that illness when it terminated Plaintiff, that could further establish pretext. However, as Plaintiff has not established a prima facie case of discrimination under ERISA, his claims must be dismissed.

### D. *Conclusion*

In sum, Defendant's motion for summary judgment [83] will be GRANTED, as the Court finds there are no genuine issues of material fact as to Plaintiff's claims and Defendant is entitled to judgment as a matter of law on all claims.

A separate order in accordance with this opinion shall issue this day.

THIS, the 30th day of May, 2012.

_____
SENIOR JUDGE